NORTHWEST AIRLINES, INC.,
Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO, and its Northwest District Lodge No. 143, Arthur C. Pedersen and Carl P. Scheibe, individually and as officers or representatives of said International Association of Machinists and said Northwest District Lodge No. 143, and as representatives of a class consisting of all persons represented by said International Association of Machinists and said Northwest District Lodge No. 143, or of a class consisting of all Flight Engineers who are employees of plaintiff for whom said International Association of Machinists or said Northwest District Lodge No. 143 is the duly designated and authorized representative(s), and each of them, Defendants.

4 59 Civ. 310.

United States District Court
D. Minnesota,
Fourth Division.

Dec. 22, 1959.

Dorsey, Owen, Scott, Barber & Marquart, Henry Halladay, Minneapolis, Minn., for plaintiff.

Robins, Davis & Lyons, by S. Robins, Minneapolis, Minn., for defendants.

DEVITT, Chief Judge.

The above entitled matter came duly on for hearing before the undersigned, Chief Judge of the above named Court, on Monday, December 21, 1959, at 10:00 o'clock a. m., to which date the same had been duly postponed by stipulation of the parties and by order of Court, at the United States Court House, the same having been set down for hearing at the earliest possible time and having taken precedence over all matters except older matters of the same character.

Thereupon a hearing was had in open court with opportunity to examine and cross-examine witnesses and introduce evidence, and oral arguments of counsel were duly heard. Upon reading and filing the plaintiff's verified complaint and attached affidavit, upon all of the files, records and proceedings herein, including evidence submitted on behalf of defendants, and upon the testimony and evidence introduced in open court as aforesaid and upon the arguments of counsel, the Court being duly advised does hereby,

**826**

in accordance with Rules 51 and 65 of the Federal Rules of Civil Procedure, 28 U.S. C., and in accordance with law, make and enter its findings of fact, conclusions of law and order for writ of preliminary injunction, as follows:

1. Plaintiff is and at all times herein material has been a corporation duly organized, created and existing under and by virtue of the laws of the State of Minnesota with its principal office and place of business in the State of Minnesota situated in the City of St. Paul, Ramsey County, Minnesota. Plaintiff is now and at all times herein material was a common carrier by air engaged in interstate commerce subject to the provisions of the Railway Labor Act (45 U.S. C.A. §§ 151 through 188). Plaintiff, as such common carrier by air, holds certificates of public convenience and necessity for principal domestic routes connecting the Pacific Northwest cities of Seattle, Tacoma and Portland with Chicago, New York, Washington and Miami via various intermediate points, among others, Chicago, Detroit, Milwaukee and Minneapolis-St. Paul.

2. Defendant, International Association of Machinists and its Northwest District Lodge No. 143 (hereinafter referred to as "IAM") is a labor union having an aggregate total membership numbering many thousands, and said IAM now is, and has at all material times been, the duly designated representative of employees of plaintiff in interstate commerce in certain crafts or classes, including the craft and class of flight engineer. The terms and conditions governing the employment by plaintiff of employees in such crafts or classes have been and now are governed by Collective Bargaining Agreements between plaintiff and IAM. Plaintiff employs approximately 261 employees in the craft or class of flight engineer, employs approximately 2,621 employees in other crafts or classes represented by IAM, and in addition, employs approximately 4,410 employees who are not members of or represented by said IAM.

3. This Court has jurisdiction of this cause under the Railway Labor Act (45 U.S.C.A. §§ 151 through 188) and under and by virtue of the provisions of Sections 1331 and 1337 of Title 28 U.S.Code by virtue of the fact that this is a civil action in which the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs and arises under the Constitution, laws or treaties of the United States or is a civil action arising under an Act of Congress regulating commerce.

4. Plaintiff owns and operates an airline system in interstate and foreign commerce over routes extending for more than 18,000 unduplicated route miles. Plaintiff annually transports approximately 125,000 passengers more than 1,400,000,000 passenger miles and derives revenues annually from its passengers, freight and other operations in excess of approximately $100,000,000. In addition to the services which plaintiff performs for the general traveling and shipping public, plaintiff also performs certain important functions for or on behalf of the United States, such as the transportation of United States mail and representatives of various departments of the government over its routes as hereinbefore described, and in addition maintains communications and facilities important to the interests of the United States. Plaintiff operates airplanes from and maintains service and repair facilities in major cities in the United States, including those hereinbefore set forth. The reasonable value of plaintiff's investment in flight equipment and operating properties and facilities is in excess of $68,000,000.

5. Effective October 1, 1958, plaintiff and IAM made and entered into a Collective Bargaining Agreement (hereinafter called "the Flight Engineers Agreement") establishing the rates of pay, rules and working conditions of plaintiff's employees in the class or craft of flight engineers, which agreement, by its terms, is to continue "in full force and effect through July 1, 1960." Pursuant to section 30(o) of the Flight Engineers

Agreement, plaintiff and IAM entered into negotiations to establish the pay scales for flight engineers on the Electra L–188 aircraft, which negotiations were concluded by an agreement reached on or about August 24, 1959. The Flight Engineers Agreement is now in full force and effect and is not open for negotiations or revision on any issue.

6. Prior to on or about and after December 1, 1959, the named defendants advised plaintiff that certain of plaintiff's employees employed in the classification of flight engineers who were represented by and members of the defendant unions, defendant refused to perform services as flight engineers of plaintiff's Electra L–188 airplanes and said defendants, together with said certain flight engineers collectively and in concert, thereupon and thereafter until the issuance of the temporary restraining order herein under date of December 14, 1959, continued to engage in a concerted refusal to perform work or services for the plaintiff as flight engineers of plaintiff's said Electra airplanes. Said concerted refusal as aforesaid arose out of a dispute between the defendants and the employees represented by defendants over the interpretation of the Flight Engineers Agreement in its application to the employment of said flight engineers in that capacity on flights on plaintiff's Electra airplanes and as such, said dispute constituted a "minor dispute" as said term is used in the parlance of labor relations between parties who are subject to the provisions of the Railway Labor Act.

7. Plaintiff and the defendant unions have included in the Flight Engineers Agreement and in an agreement between plaintiff and said defendant unions concerning mechanics and related personnel which is incorporated into the Flight Engineers Agreement detailed machinery for the settlement of disputes such as are involved herein, including an ultimate appeal to a System Board of Adjustment, the decision of which Board is by contract established as final and binding. The defendants have deliberately refused to utilize such machinery for the settlement of said dispute although the plaintiff tendered to defendants the opportunity to do so and remained willing to have said dispute so settled and notwithstanding the foregoing said flight engineers have, with the knowledge, advice and consent of the defendants continued, prior to the issuance of the temporary restraining order herein, to engage in a concerted refusal to perform services for plaintiff as a result of said dispute. The acts as hereinbefore found on the part of the defendants and the flight engineers in question are hereby found in fact to constitute violations of the said Flight Engineers Agreement and of the Railway Labor Act and, as well, to be a deliberate and intentional interference with plaintiff's operations contrary to the spirit and purpose of the Railway Labor Act.

8. The acts and conduct of defendants as hereinbefore found have interfered with, and unless restrained will continue to interfere with, the maintenance by plaintiff of its service to the traveling and shipping public and others depending upon plaintiff for plaintiff's services, and said acts and conduct have threatened and will continue, unless restrained, to disrupt plaintiff's schedules and schedulings, and delay flights of plaintiff's airplanes, and will otherwise cause and produce serious, substantial and irreparable injury and damage to plaintiff and the public, which injury and damage will continue unless the acts and conduct hereinbefore found on the part of the defendants are restrained and enjoined.

9. Plaintiff has complied in good faith with the Railway Labor Act and its contract and has made every reasonable effort to resolve any matters in dispute in accordance with the provisions of the Railway Labor Act and the contract.

10. By reason of the foregoing, plaintiff is without adequate remedy at law.

11. The individuals named as defendants are persons who will fairly insure the adequate representation of all persons who are members of or represented by said defendants, which said persons constitute a class so numerous as to make it impracticable to bring them all before

the Court and this action is therefore maintained in accordance with the provisions of Rule 23 of the Federal Rules of Civil Procedure.

Based upon the foregoing, the Court hereby makes the following conclusions of law:

1. The acts and conduct of the defendants as hereinbefore found are in violation of the principles and purposes of the Railway Labor Act and are not within the proscriptions of the so-called Norris-LaGuardia Act (29 U.S.C.A. § 101) and said Act has no application to the acts and conduct of the defendants nor to the subject matter herein.

2. The foregoing findings of fact constitute the reasons for the issuance of the preliminary injunction for which order is hereinafter made.

3. The plaintiff is entitled to and is hereby granted a preliminary injunction as follows:

The above named defendants and each of them and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise and their officers, agents, servants, employees, and attorneys, be, and they hereby are, restrained and enjoined from engaging in, threatening, calling, preparing for, inducing or actually producing a strike, or other concerted refusal to perform service by employees of plaintiff represented by defendants as a result of a labor dispute; and the defendants and each of them and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, and their officers, agents, servants, employees and attorneys, be, and they hereby are, commanded, enjoined and directed to issue such notices or to take such other steps as shall be necessary to carry into effect the foregoing provisions of this order, including, but not limited to, the requirement that said defendants give notice to plaintiff's employees and to the public, including most particularly the employees represented by said defendants, that

there is no strike against plaintiff and that the flight engineers employed by plaintiff who are represented by defendants should not concertedly refuse to accept assignment as flight engineers on plaintiff's Electra L–188 airplanes as a result of a labor dispute as hereinbefore found in the findings of fact.

4. The issuance of said writ of preliminary injunction is conditioned upon the giving of security by the plaintiff in the sum of $5,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Let a writ of preliminary injunction be issued accordingly.